1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

## SOUTHERN DISTRICT OF CALIFORNIA

10
11
12
13
14
15

| LUIS FERNE OLAVE-VALENCIA,<br><br>                                       Movant,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>                                       Respondent. | CIVIL CASE NO. 09cv162 BTM<br>CRIMINAL CASE NO. 03cr2744<br><br>**ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE AND DENYING CERTIFICATE OF APPEALABILITY** |
|---|---|

16
17
18

Luis Ferne Olave-Valencia ("Defendant") has filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255.  For the reasons discussed below, Defendant's motion is **DENIED**.

19
20

## I.  BACKGROUND

21
22
23
24
25
26

In an Indictment filed on October 1, 2003, Defendant was charged with one count of conspiracy to possess cocaine with the intent to distribute on board a vessel in violation of 46 App. U.S.C. § 1903(a), (c), and (j)[1], one count of possession of cocaine with intent to distribute on board a vessel in violation of 46 App. U.S.C. § 1903(a), (c)(1)(A), and (f), and aiding and abetting in violation of 18 U.S.C. § 2.  He was convicted by jury trial on May 27, 2004.

27

On July 25, 2005, Defendant was sentenced to 180 months in prison on both counts

28

[1]        46 App. U.S.C. § 1903 was replaced and revised by 46 U.S.C. § 70503, *et seq.*

1    to run concurrently and a five year terms of supervised release, also to run concurrently.

2    On August 8, 2005, Defendant filed a Notice of Appeal [Docket No. 210].  On direct

3    appeal, Olave-Valencia argued that (1) the district court erred when it concluded that it had

4    jurisdiction over the defendants; (2) the district court erred by not requiring the jury to return

5    a unanimous verdict as to all elements of the offense; (3) the district court erred when it

6    focused on the sophistication of the criminal enterprise in determining that a minor role

7    reduction was not appropriate; and (4) the 180 month custodial sentence imposed was illegal

8    and subject to reversal because the district court failed to apply all the factors under 18

9    U.S.C. § 3553(a) and placed undue weight on the Sentencing Guidelines.  (Gov.'s Res., Ex.

10   E.)

11   On July 26, 2007, the Ninth Circuit Court of Appeals filed an opinion affirming the

12   Court's decision [Docket No. 266].

13

14                                    **II.  <u>DISCUSSION</u>**

15   Defendant bases his motion to set aside or reduce his sentence on three grounds.

16   First, Defendant claims that the Court failed to properly submit the element of statutory

17   jurisdiction to the jury.  Second, Defendant argues that his conviction resulted from the

18   violation of his privilege against self-incrimination.  Third, Defendant contends that his

19   sentence is illegal since it exceeds the ten year mandatory minimum sentence and because

20   the Court failed to grant Defendant a minor role reduction.

21

22   A.    <u>Statutory Jurisdiction</u>

23   Defendant contends that his conviction was obtained by unconstitutional search and

24   seizure.  The argument is not premised on a Fourth Amendment violation, but rather on a

25   contention that the Coast Guard and the United States had no jurisdiction to stop, seize and

26   prosecute Defendant.

27   The Government argues that Defendant may not collaterally attack the issue of the

28   district court's submission of jurisdiction to the jury because he already raised the same claim

1  on his direct appeal to the Ninth Circuit Court of Appeals.  The Court agrees.

2      As the Government notes, "[i]ssues raised at trial and considered on direct appeal are

3  not subject to collateral attack under 28 U.S.C. § 2255." Egger v. United States, 509 F. 2d

4  745, 748 (9th Cir. 1975).  Defendant raised the jurisdiction contentions of his Section 2255

5  motion on his direct appeal.  In his opening brief before the Ninth Circuit Court of Appeals,

6  Defendant argued that (1) the district court erred when it concluded that it had jurisdiction

7  over the Defendants; and (2) the district court erred by not requiring the jury to return a

8  unanimous verdict as to all elements of the offense.  (Gov.'s Res., Ex. E.)  The Court of

9  Appeals rejected both of Defendant's jurisdictional arguments on direct appeal.  The Ninth

10  Circuit held that "[t]he district court did not fail to submit to the jury the question of whether

11  the 'go-fast vessel' was 'without nationality' as required by United States v. Perlaza, 439 F.3d

12  1149 (9th Cir. 2006)." United States v. Mosquera, 2007 WL 214535, *1 (9th Cir. July 26,

13  2007).  Additionally, the Court of Appeals found that "[t]he district court did not violate the

14  requirement that a jury make a unanimous finding as to jurisdiction." Id.  Thus, Defendant

15  already brought before the Court of Appeals the same jurisdictional issues he raises in his

16  Section 2255 motion.  The Court of Appeals clearly rejected Defendant's arguments.  These

17  issues are no longer subject to collateral attack under Section 2255.

18

19  B.    Self-Incrimination

20      Defendant next contends that his conviction was obtained in violation of his Fifth

21  Amendment privilege against self-incrimination.  Olave-Valencia does not identify any

22  statements introduced by the Government during trial that led to his conviction.  In fact, the

23  Government claims, and Olave-Valencia does not refute, that it did not introduce any

24  inculpatory statements he made during the trial.  Where the confession of a defendant is not

25  used against him at trial, the voluntariness of the confession is irrelevant on a 2255 motion.

26  See Vicory v. Taylor, 338 F.2d 954, 956 (10th Cir. 1964) (per curiam).  Defendant has not

27  adequately demonstrated why the Court should vacate, set aside, or correct his sentence

28  on the basis of unconstitutional self-incrimination.

09cv162 BTM

C.    Sentence

Finally, Olave-Valencia charges that the Court imposed an illegal sentence because the indictment limited the sentence to a ten year mandatory minimum and the Court improperly denied the Defendant a minor role reduction.  The Court sentenced the Defendant to 180 months imprisonment.

The indictment charged the Defendant under 46 App. U.S.C. § 1903.  Section 1903 provided that a first-time offender under Section 1903 should be "punished in accordance with the penalties set forth in section 1012 of the Comprehensive Drug Abuse Prevention and Control Act of 1970." 46 App. U.S.C. § 1903(g)(1).  In turn, the latter law directed that, in the case of a violation involving five kilograms or more of cocaine, "the person committing such violation shall be sentenced to a term of imprisonment of *not less than 10 years* and not more than life." 21 U.S.C. § 960(a) (emphasis added).  The indictment charged the Defendant with possessing with the intent to distribute and conspiring to possess with the intent to distribute, more than five kilograms of cocaine.  Thus the Court's sentence of 180 months (fifteen years) was within the legal sentence range.

The Defendant's contention that the Court improperly denied the Defendant a minor role reduction is not subject to collateral attack because the Court of Appeals also considered this issue on direct appeal.  See   Egger, 509 F. 2d at 748.  The Court of Appeals clearly held:

> [t]he district court did not clearly err in denying minor role adjustments sought by the defendants.  The district court properly found that persons assisting in the transportation of a large quantity of cocaine, especially by sea, generally do not play a minor role.  Mosquera, 2007 WL 2141535, at *1 (citing United States v. Zakharov, 468 F.3d 1171, 1181 (9th Cir. 2006)).

Thus, the Defendant may not raise the issue of whether the Court should have granted him a minor role reduction in his Section 2255 motion.

09cv162 BTM

### III. <u>CONCLUSION</u>

For the reasons explained above, the Defendant's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 is **DENIED.** The Court finds no basis for the issuance of a certificate of appealability. Therefore, a certificate of appealability is **DENIED** as to all claims.

**IT IS SO ORDERED.**

DATED:  October 15, 2009

Honorable Barry Ted Moskowitz
United States District Judge

09cv162 BTM